IN THE SUPREME COURT OF THE STATE OF DELAWARE

EDWARD WIGGINS,          §

§   No. 313, 2025

    Plaintiff Below, Appellant,     §

§   Court Below–the Superior

v.              §   Court of the State of Delaware

§

CEDAR CHRISTINA CROSSING,   §   C.A. No. N23C-04-134

LLC and EASTERN LLC,      §

§

    Defendants Below, Appellees.   §

Submitted: January 21, 2026
Decided:   March 23, 2026

Before **VALIHURA**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

(1) On January 27, 2022, Plaintiff-below, Appellant Edward Wiggins claimed that he slipped and fell on black ice in a shopping center parking lot. He filed suit in the Superior Court against the owner of the shopping center, Cedar Christina Crossing LLC, and the contractor it hired to provide snow removal services, Eastern LLC (together, "Defendants"). In his complaint, Wiggins alleged that Defendants negligently treated snow and ice in the parking lot. During his deposition, Wiggins testified that he saw unplowed snow in the parking lot on the day that he fell.[1] He also testified that he saw a person plowing snow into snowbanks

---

[1] *See* App. to Opening Br. at A176–77 (Wiggins Dep. Tr. 27:18–28:3) (Q. Before your fall, did you see any ice or snow in the parking lot? A. Yes, I did. Q. And where did you see the snow?

and spreading salt in the parking lot.[2]  Unbeknownst to Wiggins, the parking lot was monitored by security cameras.[3]  The security footage showed no signs of snow, ice, plowing, or salting on the day that he fell.  In fact, the parking lot was clear and dry, and Defendants did not perform a treatment that day.[4]

(2)   Defendants moved for summary judgment.  After briefing and oral argument, the Superior Court found in favor of Defendants.  Wiggins appealed to this Court.  He contends that the Superior Court erred when it held that he could not rely on his own testimony – that he slipped on black ice – to survive summary judgment; and that he had failed to present sufficient evidence that Defendants breached their duty of care.[5]  After careful review of the parties' briefs and the record

---

Was it everywhere or in a particular place?  A.  Well, they hadn't plowed yet, so, you know, there was snow around.  But that wasn't my responsibility, to do anything with the snow.").

[2] A236–39 (Wiggins Dep. Tr. dated Apr. 5, 2024, at 87:14–90:18) ("Q.  [On the morning of your fall,] [d]id it appear to you that the parking lot had been cleared?  A.  Yeah, I thought they had already done, but I saw, like, a snowbank, you know when they plow and put everything in a snowbank, there was a snowbank here and there.  But everything else was just clear and wet.  Q. Had those snowbanks been there the day before?  A.  Yes.  Yes, I do believe they were there on the 26th. . . . Q.  Did you see anybody plowing or putting salt down either in the parking lot or on the roof where you parked?  A.  Yes, I saw the person doing it, yes. . . . Q.  Did you only see people in trucks, or did you see anybody walking around and clearing snow or spreading sand or salt?  A. One who was working, like, a machine.  It was like they put the salt in the truck and then it came through. . . . Q.  And you saw this person when you arrived before you checked in?  A.  I saw the man in the truck driving around before I started working. . . .").

[3] *See* A166–67 (Wiggins Dep. Tr. 17:23–18:1) ("You know, I wish there was a camera, but there were no cameras in the parking lot.").

[4] *Wiggins v. Cedar Christina Crossing, LLC*, 2025 WL 1695097, at *2 (Del. Super. June 17, 2025) ("The video evidence directly contradicts Plaintiff's account of wet, unplowed conditions with visible snow and ice.").

[5] Opening Br. 9–14 (Sep. 23, 2025).

2

on appeal, we agree with the Superior Court that Wiggins did not meet his burden to show that Defendants breached their duty of care.[6]

(3)    In *Ridgeway v. Acme Markets, Inc.*, we held that a property owner, property manager, and contractor—who provided snow removal services for a parking lot—must "take 'reasonable steps' to make the premises safe" for business invitees.[7]    This includes "keeping the premises reasonably safe from natural accumulations of ice and snow."[8]  We further held that when a defendant presents evidence that it satisfied its standard of care, the plaintiff must rebut that evidence by showing a genuine dispute of material fact to survive summary judgment.[9]

(4)    The *Ridgeway* defendants presented evidence that the contractor took reasonable steps to treat wintery conditions in the parking lot by plowing and salting for three days following a winter storm.[10]  Notably, there, ice and a "mound of snow" remained after the contractor's treatment.[11]   Here, Defendants submitted business

---

[6] *Ridgeway v. Acme Markets, Inc.*, 194 A.3d 372, 2018 WL 4212140, at *2 (Del. Sep. 5, 2018) (TABLE). Because we affirm the Superior Court on Wiggins's failure to present sufficient evidence that Defendants breached their duty of care, we do not address his first argument on appeal.

[7] *Id.* (quoting *Laine v. Speedway, LLC*, 177 A.3d 1227, 1229 (Del. 2018)).  "To succeed on a negligence claim, [the plaintiff] must establish that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; (3) the plaintiff was injured; and (4) the defendant's breach caused the plaintiff's injury." *Id.*

[8] *Id.* at *2 (quoting *Laine*, 177 A.3d at 1229).

[9] *Id.* at *1, 4.

[10] *Id.* at *4.

[11] *Id.* at *1.

records that they treated the parking lot on January 20 and 21, 2022. Defendants also introduced evidence, including meteorological data, showing that there was no precipitation after they treated the parking lot, including on the day that Wiggins fell. Moreover, Defendants submitted video footage that showed that the parking lot was clear and dry. Thus, Defendants met their initial burden of showing reasonable measures were taken to address the wintery conditions in the parking lot.

(5) To rebut the measures taken by Defendants, Wiggins presented only his self-contradictory deposition testimony. His narrative regarding the standard of care was riddled with contradictions,[12] and was further contradicted by the security footage of the parking lot. Having provided no evidence that Defendants failed to take reasonable steps to make the parking lot safe, Wiggins has not met his burden to show that Defendants breached the standard of care.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court in its June 17, 2025 Memorandum Opinion is AFFIRMED on the basis of its holding that Wiggins did not carry his burden to show that Defendants breached their duty of care.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[12] *See, e.g., supra* notes 1, 2.

4